UNITED STATES DISTRICT COURT
FOR MASSACHUSETTS

2014-12756-WGY

David Proulx, Plaintiff

-v-

Massachusetts Partnership For
Correctional Healthcare (MPCH),
Lawrence Weiner,
Maureen Atkins,
Thomas Groblewski,
Luis Spencer,
Sean Medeiros, Defendants

All defendants in their official
and individual capacities.

AMENDED CIVIL RIGHTS COMPLAINT
[With A Jury Demand]

Preliminary Statement

The plaintiff in the above-captioned amended civil
rights matter has been ordered by the Court, Gorton, D.J.,
to file this amended complaint within 60 days of June 25,
2014.  The gravamen of plaintiff's complaint is that he
suffers from ailments, one of which, Hepatitis-C, is life-
threatening without proper treatment.  The other illnesses,
aggravated ventral hernia, hemmorhoids, back and shoulder
pain, are serious medical needs which, if they continue
to go untreated may result in life ending complications.

-2-

For the exhaustion of administrative remedies
the medical grievance procedure for Massachusetts
Partnership For Correctional Healthcare (MPCH) was
launched in July 2013 and plaintiff has fully complied
with its protocol.

## Jurisdiction and Venue

1.  The Court has jurisdiction over this action under
    28 USC ss. 1331, 1343(3)(4), 42 USC ss. 1983, and
    28 USC ss. 2201, F.R.Civ.P. 57.

2.  Venue properly lies in the District pursuant to
    28 USC ss. 1391(b)(2) because the events giving
    rise to this cause of action occurred in Norfolk,
    Massachusetts, the Eastern District.

## Parties

3.  Plaintiff David Proulx is a prisoner at MCI-Norfolk,
    Box 43, Norfolk, MA 02056.

4.  Defendant MPCH (the medical-care provider for the
    Department of Correction) has a business address of
    50 Commerce Way, Norton, MA 02766.

-3-

5.    Defendant Lawrence Weiner, is the Assistant Deputy
      Commissioner of Correction, 50 Maple Street #3,
      Milford, MA 01757.

6.    Defendant Maureen Atkins is the Health Services
      Administrator for MCI-Norfolk, Box 43, Norfolk,
      MA 02056.

7.    Defendant Thomas Groblewski is the Statewide Medical
      Director for MPCH, 50 Commerce Way, Norton, MA 02766.

8.    Defendant Luis Spencer is the Commissioner of
      Correction, 50 Maple Street #3, Milford, MA 01757.

9.    Defendant Sean Medeiros is the Superintendent of MCI-
      Norfolk, Box 43, Norfolk, MA 02056.

Statement of Facts

11.   Plaintiff Proulx has been diagnosed as having
      Hepatitis-C.

12.   If the plaintiff does not receive medical care for
      Hepatitis-C he is more likely than not to die in
      prison.

-4-

13.   In 2004 the plaintiff was treated with Pegylated
      Ribarvirin Treatment (PRT).

14.   The PRT did not help the plaintiff so the treatment
      was discontinued by the defendants.

15.   If the plaintiff does not receive the new triple
      therapy approved by the Federal Government, his
      liver will become a Stage Four liver disease which
      requires a liver transplant.

16.   The defendants do not perform/allow liver transplants
      based on the cost of $500,000.00.

17.   Rather than pay for a liver transplant, defendants
      prefer to allow the plaintiff to die.

18.   Plaintiff has requested an updated Biopsy to
      ascertain damage to his liver since 2003.

19.   Plaintiff has been diagnosed with Stage Three
      Cirrhosis of his liver which if untreated leads
      to Cancer of the liver.

-5-

20. After plaintiff submitted medical grievances,
    letters from himself and others, talked to defen-
    dant Atkins, he was told treatment for his disease
    was not available.

21. There is no Infectious Disease Nurse-Provider at
    MCI-Norfolk.

22. The defendants' failure to treat the plaintiff has
    caused him substantial harm where he is in pain
    daily as the result of his untreated ailments.

23. The plaintiff, as a result of his Cirrhosis and
    Barrett's Disease is in constant fear of contracting
    liver cancer.

24. Defendants have not presented a clinical pathway
    for the plaintiff's treatment of Hepatitis.

25. Defendants are deliberately indifferent to providing
    a FibroSure test to measure fibrosis in plaintiff's
    liver, the results of which could be a range of 1-5,
    where 5 is the worst outcome.

-6-

26. Plaintiff suffers from a herniated Belly-button
    which is very painful on a daily basis.

27. Plaintiff was approved by a surgeon at the Lemuel
    Shattuck Hospital for hernia surgery.

28. Doctor Mandalywala Dhansukhl diagnosed plaintiff
    for a hernia operation based on a prior need for
    a binder which plaintiff wore but no operation has
    occurred.

29. Plaintiff was told by the defendants that the surgery
    was "cosmetic," even though he is in pain from the
    hernia every day.

30. As a result of the hernia plaintiff suffers from
    nausea and vomiting on a regular basis, daily, where
    there are prolonged periods of extreme pain.

31. Defendants refused to perform the hernia surgery.

32. Plaintiff suffers with cramps, spasms, and neuropathy
    in his legs which causes him to be sleep-deprived
    and goes untreated by the defendants.

33. Defendants have denied surgery based on its cost.

-7-

34. Defendant Atkins told the plaintiff the reason there
    would be no surgery for the correction of his hernia
    is that it costs too much money.

35. Plaintiff suffers with hemorrhoids since 2009.

36. Defendants have deliberately refused to treat the
    plaintiff for the ailment of hemorrhoids, claiming
    the materials for treatment are unavailable.

37. Defendant Atkins told the plaintiff to "just live
    with it," in reference to the hemorrhoids.

38. Defendant Atkins specifically refused to provide
    toilet paper, medical wipes, creams, etc., which
    made the plaintiff bleed and suffer all the more.

39. Plaintiff has been diagnosed as a diabetic but
    receives no treatment for this illness.

40. Plaintiff was diagnosed with Arthritis in his back
    and shoulders but receives no treatment for these
    illnesses.

-8-

41. Defendant Atkins is responsible for the approval
    of all treatment for the plaintiff while he is
    at MCI-Norfolk.

42. Defendant Weiner personally oversees the operations
    of MPCH the contract provider to ensure compliance
    with the contract between MPCH and the Department
    of Correction (DOC).

43. Defendant Groblewski as the state-wide medical director
    for MPCH is personally involved in oversight of the
    medical staff who are employees of MPCH.

44. Defendant Spencer is by statute responsible for the
    care and custody of the plaintiff.

45. Defendants Atkins, Weiner, Groblewski, and Spencer
    maliciously and deliberately refuse to treat the
    plaintiff for his medical illnesses and diseases.

46. Defendants Atkins, Weiner, Groblewski, and Spencer
    do not care if the plaintiff dies from his diseases.

47. All the defendants have acted, and continue to act,
    under color of state law at all times relevant to
    this complaint.

-9-

48. The plaintiff has submitted numerous medical grievances delineating his diseases, ailments, his pain and suffering.

49. On Information and belief, when a prisoner like the plaintiff files a medical grievance, the staff for the medical department calls the matter to the attention of those individuals responsible for the matter that the medical grievance concerns.

50. Defendants Atkins and Groblewski are responsible for arranging for specialized medical care outside the prison.

51. Knowing that the plaintiff is in great pain, defendants Atkins, Weiner, Groblewski, and Spencer have maliciously and sadistically ignored his suffering based on the cost of his treatment.

52. On information and belief, if the plaintiff is not promptly provided with treatment for his diseases as previously recommended by the doctors, he risks permanent disability, or worse.

-10-

Claims For Relief

53. When the defendants denied the plaintiff any treatment
    for the Hepatitis-C, Cirrhosis, and Bartlett's disease
    they afflicted him with painful cruel and abusive
    punishment in violation of the Eighth Amendment.
    [Complaint ¶¶11-25]

54. When the defendants failed to provide the newer, more
    effective HCV approved by the Food and Drug Adminis-
    tration they were deliberately indifferent to the
    plaintiff's good health and well-being based on expense
    of the drug and raises a substantial risk of further
    serious injury or death, in violation of the prohibi-
    tion of cruel and unusual punishment imbued in the
    Eighth Amendment. [Complaint ¶¶11-25]

55. When the defendants Atkins, Spencer, Groblewski,
    and Weiner refused to arrange for hernia surgery after
    being told by the surgeon it was necessarily mandated
    treatment and is so obvious even a lay person would
    recognize the need for a doctor's attention, they
    forced cruel and unusual pain and suffering on the
    plaintiff in a subjective, deliberate manner contrary
    to the Eighth Amendment. [Complaint ¶¶26-35]

-11-

56. When defendant Atkins refused to provide the plaintiff
    with medical wipes, toilet paper, and skin cream for
    his painful hemmorhoids she deliberately and maliciously
    violated the prohibition against cruel and unusual
    punishment prohibited by the Eighth Amendment.
    [Complaint ¶¶36-38]

57. The facts related above discloses the failures of
    the defendants Atkins, Weiner, Groblewski, and Spencer
    to properly respond to plaintiff's serious medical con-
    dition by failing to conduct an adequate examination
    and order the proper tests to properly treat plaintiff's
    diseases. [Complaint ¶¶39-52]

58. Because the defendants are deliberately indifferent
    to plaintiff's serious medical needs, shown by the
    pattern of conduct in refusing to treat him, they
    violated the Due Process and Equal Protestion Clauses
    of the Fourteenth Amendment by:

    a)  delaying and denying access to medical attention
        for his serious medical needs where he is limited
        to the medical contract providers for the DOC.

-12-

b)  plaintiff was denied access to qualified medical
    personnel to ascertain the progression of his
    Hepatitis-C, the growing size of the ventral
    hernia, and the threat of infectious disease
    from the chronic hemorrhoids.

c)  the defendants failed to inquire into the
    essential facts that are necessary to make
    a professional judgment, with no adequate
    examinations, failure to ask important and
    necessary questions, and the failure to perform
    necessary tests relevant for plaintiff's diseases.

d)  there have been consistent interference of any
    treatment by non-medical factors, where the
    staffing at MCI-Norfolk is so inadequate to
    provide treatment for the plaintiff and 1400+
    other prisoners with whom plaintiff must compete.

e)  defendants have failed to carry our medical
    orders by qualified physicians who have diag-
    nosed the plaintiff with serious medical need
    for treatment.

-13-

f)   because the plaintiff cannot obtain his own

medical services he is entitled to be provided

reasonably adequate medical care, at a level

reasonably commensurate with modern medical

science and of a quality acceptable with prudent

professional standards;

which is cruel and unusual punishment under the Eighth

Amendment, available to the State through the Fourteenth

Amendment. [Complaint ¶¶11-38]

59.   All of the above are symptomatic of a medical system

whose responses to serious medical needs do not meet

the criteria of due process to address medical com-

plaints in a timely and substantive procedure to

alleviate the pain and suffering caused by the defen-

dants' subjective abrogation of sound medical protocols.

[Complaint ¶¶11-38]

60.   Because the treatment of prisoners like the plaintiff's

medical needs are so clearly established for decades of

due process determinations by opinions of the U.S.

Supreme Court, Courts of Appeal, and local District

-14-

Court, the deliberate ignoring of settled law by
the defendants also violate the Due Process and
Equal Protection Clauses of the Fourteenth Amendment.

Relief Requested

WHEREFORE, plaintiff requests that the Court grant
the following relief:

A.    Issue a declaratory judgment stating that:

1.    The denial of medical care, or any treatment
at all for the plaintiff's serious medical
conditions by the defendants Atkins, Weiner,
Groblewski, Spencer, and MPCH violated the
plaintiff's rights under the Eighth Amendment
to the United States Constitution and constituted
what the Court will call "deliberate indifference."

2.    That the defendant Atkins' actions in cancelling
plaintiff's hernia surgery, labeling it as
"cosmetic" violated the Due Process Clause of
the Fourteenth Amendment to the United States
Constitution.

3.    That the defendants Weiner, MPCH and Spencer
in failing to institute a medically proper

-15-

system which addresses the plaintiff serious medical
needs without regard to expense, especially where his
need is life-threatening without treatment, they have
violated the Equal Protection Clause of the Fourteenth
Amendment to the United States Constitution.

B.    Issue an injunction ordering defendants MPCH, Spencer,
Weiner, Groblewski, and Atkins or their agents to:

1.    Arrange for the proper examination of the
plaintiff's chronic diseases under the current
standards of medical care for 2014;

2.    Order that his ventral hernia be operated upon
as prescribed by the surgeon at the Shattuck
Hospital, with no regard for the expense.

3.    Order that the defendants conduct follow-up
examinations and treatment for plaintiff's
Hepatitis-C, his ventral hernia, and hemorrhoids.

C.    Issue an injunction ordering defendants to provide
medication for Hepatitis-C, cirrhosis, and Bartlett's
Disease which are currently approved by the Federal
Government.

D.   Award compensatory damages in the following amounts:

    1.   $100,000.00 jointly and severally against
defendants MPCH, Atkins, Spencer, Weiner,
and Groblewski for the physical and emotional
injuries caused by the lack of treatment of any
kind, where if left alone without treatment,
by a preponderance of evidence the plaintiff
will surely die before his time.

    2.   $10,000.00 jointly and severally against
defendants Weiner, Spencer, and Atkins for
the failure to administrate properly serious
medical needs of the plaintiff by a longtime
continuing violation of due process.

    3.   Award punitive damages against defendant Atkins
who maliciously told the plaintiff his treatment
for a ventral hernia was cosmetic and would not
be performed, in the amount of $20,000.00.

E.   The plaintiff demands a jury trial on any disputed
facts and on the award of damages.

F.   Grant such other relief as it may appear that the
plaintiff is entitled.

-17-

Date: 8-4-14                          Respectfully submitted,

                                      David Proulx, Pro Se
                                      W40272 - Box 43,
                                      Norfolk, MA 02056


Verification of Complaint:
I, David Proulx, hereby swear under pains and penalties of perjury
that I have read the complaint and the facts contained therein are
true.